

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2007

# Setiawan v. Dept Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Setiawan v. Dept Homeland" (2007). *2007 Decisions.* Paper 675.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/675

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1362

———

PETRUS EFFENDI SETIAWAN,

Petitioner

v.

DEPARTMENT OF HOMELAND SECURITY

———

Petition for Review of an Order
of the Board of Immigration Appeals
No. A96-264-440
Immigration Judge: Miriam K. Mills

———

Submitted Under Third Circuit LAR 34.1(a)

July 12, 2007

Before: SLOVITER, ALDISERT and ROTH, Circuit Judges.

(Filed:  July 31, 2007)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Petrus Setiawan, a native and citizen of Indonesia, petitions for review of a final order of the Board of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's final order pursuant to 8 U.S.C. § 1252. We will deny the petition.

**I.**

The parties are familiar with the facts and proceedings before the BIA and the IJ, so we will revisit them only briefly. Setiawan is a Christian and an ethnically Chinese citizen of Indonesia. On January 27, 2002, he entered the United States for an authorized six-month stay. On March 10, 2003—eight months after the expiration of his legal status—Setiawan filed an application for asylum, withholding of removal and relief under the CAT. In support of his application, Setiawan argued that he suffered persecution in Indonesia on account of his religion and ethnicity. He asserted persecution based on an alleged assault and robbery he suffered during a 1998 riot that resulted from tensions between native Indonesians and ethnically Chinese Indonesians. Setiawan also argued that the alleged failure of certain native Indonesians to repay money he had lent them constituted persecution.

The IJ who considered Setiawan's case rejected all three applications. As to asylum, the IJ determined that Setiawan was ineligible because his application was not filed in a timely manner. See 8 U.S.C. § 1158(a)(2)(B). The IJ also found that neither

2

extraordinary circumstances nor changes in country conditions tolled the filing period. See 8 U.S.C. § 1158(a)(2)(D). With regard to withholding of removal, the IJ decided that Setiawan did not qualify because he had failed to establish past persecution or that it was more likely than not that he would suffer future persecution. See 8 C.F.R. § 1208.16 (governing withholding of removal). Specifically, the IJ determined that the incidents alleged were not sufficient to support a finding of past persecution on account of ethnicity or religion. The IJ also found that recent reports on country conditions in Indonesia undercut Setiawan's argument that he would suffer future persecution if he was returned. Turning to the application for relief under the CAT, the IJ determined that Setiawan did not qualify for protection because he had failed to prove it was more likely than not that he would be tortured by, or with the acquiescence of, the government. See 8 C.F.R. § 1208.16 (governing the CAT).

The BIA affirmed the IJ's decision and adopted her findings. Specifically, the BIA agreed with the IJ that Setiawan (1) did not demonstrate that he filed his asylum application in a timely fashion, (2) did not demonstrate that extraordinary circumstances or changed country conditions tolled the filing period, and (3) did not establish that it was more likely than not that he would be persecuted or tortured upon return to Indonesia.

Setiawan petitions this Court to review the decision of the Board.

## II.

We now turn to the standard of review for Setiawan's petition. We must give significant deference to the BIA's decision. We review the Board's decision under the "substantial evidence" standard and may disrupt its findings only if the "evidence not only supports a contrary conclusion, but compels it." Kibinda v. Gonzales, 477 F.3d 113, 119 (3d Cir. 2007) (quoting Abdille v. Ashcroft, 242 F.3d 477, 483-484 (3d Cir. 2001)). Although we generally review only the decisions of the BIA, where the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we review the decisions of both the IJ and the BIA. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

## III.

On petition to this Court, Setiawan has challenged the IJ's denial of his asylum application on grounds of untimeliness, a determination which we lack jurisdiction to review. See 8 U.S.C. § 1158(a)(3). Under Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003) (interpreting 8 U.S.C. § 1158), we have no power to examine the BIA's determination that Setiawan's asylum application was not filed within the one-year period. We also lack the authority to review any judgment that the one-year limit was not tolled by extraordinary circumstances or changed country conditions. Id. We therefore review only the BIA's rejection of Setiawan's application for withholding of removal and protection under the CAT.

## IV.

4

The law surrounding withholding of removal is well-settled. To be entitled to withholding of removal, an alien must demonstrate that "'it is more likely than not that [he] would be subject to persecution' in the country to which he would be returned." INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987) (quoting INS v. Stevic, 467 U.S. 407, 429-430 (1984)). An alien can establish eligibility for withholding of removal either (1) by creating a rebuttable presumption of future persecution by demonstrating past persecution or (2) by showing that it is more likely than not that he will suffer future persecution. 8 C.F.R. § 1208.16(b). After review of the record, we conclude that substantial evidence supports the BIA's conclusion that Setiawan does not qualify for withholding of removal.

Setiawan argues that the treatment he received at the hands of Muslim extremists and ethnic Indonesians amounts to past persecution. Substantial evidence supports the IJ's decision to the contrary. This Court has defined persecution to include "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lukwago v. Ashcroft, 329 F.3d 157, 168 (3d Cir. 2003) (citing Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). Substantial evidence supports the IJ's finding that, viewed cumulatively, the events alleged by Setiawan—the assault and the failure to pay back loans—do not rise to this level. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that an assault and robbery were not sufficiently severe to rise to the level of persecution when the only harms suffered were loss of property and minor

5

injury); Ahmed v. Ashcroft, 341 F.3d 214, 217-218 (3d Cir. 2003) (holding that no economic persecution existed because petitioner was able to earn a livelihood).

We next turn to Setiawan's contention that he will be subjected to future persecution in Indonesia because he is an ethnically Chinese Christian. Once again, substantial evidence supports the IJ's holding that Setiawan cannot prove it is more likely than not that he will suffer future persecution. To establish a future persecution claim, a petitioner must demonstrate by clear probability either (1) that he would be singled out for persecution on account of his race or religion, or (2) that there is a "pattern or practice of persecution of a group of persons similarly situated to the applicant . . . ." 8 C.F.R. § 208.16(b)(2). Upon petition to this Court, Setiawan has not argued that he will be singled out for future persecution, but focuses on the pattern or practice of persecution test. To constitute a "pattern or practice," the persecution of a group must be "systemic, pervasive, or organized." Lie, 396 F.3d at 537 (quoting Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004)).

Setiawan argues that the treatment of Chinese Christians in Indonesia by Muslim extremists and ethnic Indonesians constitutes a pattern or practice of persecution. This contradicts the precedent of this Court. In Lie, 396 F.3d at 537-538, we held that ethnically Chinese Christians like Setiawan do not face systemic persecution in Indonesia because any ongoing violence appears to be "wrought by fellow citizens" and is not the result of "governmental action or acquiescence." See Abdulrahman v. Ashcroft, 330 F.3d

6

587, 592 (3d Cir. 2003) (holding that an act does not constitute persecution unless it is committed by the government or forces the government is either unable or unwilling to control).

Setiawan has not demonstrated that conditions in Indonesia have changed since the decision in <u>Lie</u>. Further undermining his argument, the 2003 State Department Country Report on Human Rights Practices and the State Department International Religious Freedom Report of 2003 indicate a drop in violence and an improvement in religious freedom. Setiawan's assertion that the IJ erred by considering only the State Department country reports, in lieu of other reports submitted, is unsupported by the record and contradicts the law of this Court. <u>See</u> App. 9 (IJ stating that "[n]one of the other reports on conditions in Indonesia rebutted the findings of the country reports . . . ."); <u>Zubeda v. Ashcroft</u>, 333 F.3d 463, 477-478 (3d Cir. 2004) (stating that country reports are the most appropriate and perhaps the best resource for information on political situations in foreign nations). Accordingly, we find that substantial evidence supports the IJ's finding that Setiawan's risk of future persecution in Indonesia is less than a clear probability.

**V.**

Setiawan also argues that the IJ's CAT determination is unsupported by substantial evidence. We disagree. A CAT applicant must establish that "it is more likely than not" that he will be tortured if returned to Indonesia. 8 C.F.R. § 208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is

7

intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). In evaluating whether an applicant is more likely than not to be tortured when returned, we consider evidence of past torture and conditions in the country of removal. 8 C.F.R. §§ 208.16(c)(3)(i), 208.16(c)(3)(iv).

In his petition, Setiawan does not argue that his alleged assault constituted torture, but he does argue that country conditions in Indonesia are sufficient to find that it is more likely than not that he would be tortured if returned. The record does not support this contention. The State Department International Religious Freedom Report of 2003 states, "[i]nterreligious violence plummeted, and peaceful conditions prompted many displaced persons to return to their homes." App. 124. Substantial evidence therefore supports the IJ's determination that country conditions in Indonesia are insufficient to find that it is more likely than not that Setiawan will be tortured if returned. See Tarrawally, 338 F.3d at 188 ("country conditions alone can play a decisive role in granting relief under the Convention"). Accordingly, we will hold that the denial of CAT relief was supported by substantial evidence.

## VI.

Setiawan alternatively requests a remand to either the BIA or the IJ for further inquiry into whether a pattern or practice of persecution exists in Indonesia. As we held previously in this opinion, the IJ considered all reports entered into the record and

8

substantial evidence supports her conclusion that a pattern or practice of persecution does not exist in Indonesia.  We therefore will deny the Petition for Review.

## **VII.**

We have considered all contentions of the parties and conclude that no further discussion is necessary.

The Petition for Review will be denied.